IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | Criminal Action No. 7:16-cr-00004 |
| ) | |
| RAHMYENE S. JONES, ) | By: Elizabeth K. Dillon |
| ) | United States District Judge |
| Defendant. ) | |
| ) | |
| ) | |

**MEMORANDUM OPINION**

Defendant Rahmyene S. Jones moves to vacate his sentence pursuant to 28 U.S.C. § 2255. (Dkt. No. 48.)[1] The government moves to dismiss Jones' motion. (Dkt. No. 59.) For the reasons stated below, the court will grant the government's motion and dismiss Jones' motion.[2]

I. BACKGROUND

On January 28, 2016, a Roanoke grand jury indicted Jones for one count of distributing cocaine (Count I) and two counts of possessing heroin with the intent to distribute (Counts II and III) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (Dkt. No. 14.) On March 22, 2016, Jones pled guilty to Count II of the indictment pursuant to a written plea agreement. (Dkt. No. 32.) In exchange for Jones's plea, the government dismissed Counts I and III. As part of the plea agreement, Jones agreed to be categorized as a career offender under Section 4B1.1(b)(3) of the Federal Sentencing Guidelines. (*See* Dkt. No. 33 at 3.) Additionally, Jones waived his right to appeal the sentence under 18 U.S.C. § 3742(a) and his right to collaterally attack the plea or sentence for any reason other than for ineffective assistance of counsel. (*See id.* at 7.) On July 13,

---

[1] All docket entry citations are to the criminal case number.

[2] Also pending is a "Motion to Amend/Correct Motion to Vacate (2255)" filed by Jones. (Dkt. No. 63.) This motion contains supplemental argument in support of Jones' motion and will be granted.

2016, the court sentenced Jones to a 126-month term of imprisonment and a subsequent three-year term of supervised released. (Dkt. No. 43.) The court entered an Order of Judgment on July 20, 2016. (*See* 7/20/16 Order, Dkt. No. 44.) Jones did not file a notice of appeal.

Jones filed this pro se motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on August 2, 2017, alleging (1) ineffective assistance of counsel, and (2) actual innocence of his career offender designation. (*See* Dkt. No. 48-1 at 5.)[3] The government moves to dismiss Jones's motion on both procedural and meritorious grounds.

## II. DISCUSSION

Under § 2255, a prisoner in federal custody may collaterally attack his sentence if (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Jones must prove the grounds for his attack by a preponderance of the evidence. *Townes v. United States*, No. 4:12-cr-00033, 2019 WL 5580957, at *1 (W.D. Va. Oct. 29, 2019) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)). Before considering the merits of Jones's claims, the court must first address the government's argument that his motion is untimely under 28 U.S.C. § 2255(f)(1).

### A. Timeliness of Jones' § 2255 Motion

Section 2255(f)(1) imposes a one-year period of limitation from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). The government takes the position that because the court entered its Order of Judgment on July 20, 2016, Jones's time for filing his

---

[3] Jones' appeal waiver does not preclude him from raising an actual innocence claim. *See United States v. Courtade*, 929 F.3d 186, 190–91 (4th Cir. 2019) ("The government also contends that Courtade cannot pursue his actual innocence claim because his guilty plea itself bars such a claim and so does the appellate waiver in the plea agreement. Our case law again indicates otherwise.") (citing *United States v. Fugit*, 703 F.3d 248, 253–54 (4th Cir. 2012); *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016)).

§ 2255 motion expired on July 20, 2017. However, Jones had fourteen days from the date the judgment was entered to appeal the judgment pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A)(i).

When a criminal defendant appeals from a judgment of conviction, the judgment becomes final when a court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). Where, as here, a defendant does not appeal his judgment from the district court, the one-year period of limitation begins when the time for filing a notice of appeal expires, not when the order of judgment is entered. *See, e.g.*, *United States v. Osborne*, 452 F. App'x 294, 295 (4th Cir. 2011) ("[Defendant] was required to file his § 2255 motion within one year from the date on which the judgment of conviction became final by the conclusion of direct review *or expiration of the time for seeking such review*.") (emphasis added); *Canady v. United States*, No. 4:09cr10, 4:12cv40, 2014 WL 12521300, at *3 (E.D. Va. Apr. 14, 2014) ("For purposes of § 2255(f)(1), Petitioner's judgment became final . . . when the time for filing [a] notice of appeal expired."). The time for Jones to file a notice of appeal expired on August 3, 2016, fourteen days after the July 20, 2016 entry of judgment. Jones filed no such notice. Accordingly, the judgment of conviction became final on August 3, 2016, and Jones had until August 3, 2017, to file his § 2255 motion. Jones filed his motion on July 19, 2017, by placing it in the prison mailing system. (*See* Dkt. No. 48-1 at 12.); *see* Fed. R. Gov. § 2255 Proc. 3(d) ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing.").

Jones's appeal waiver in the written plea agreement does not dispense with his Rule 4(b) extension of time to appeal. The Supreme Court has unequivocally stated that a defendant's waiver of his right to appeal does not bar all appellate claims. *See Garza v. Idaho*, 139 S. Ct. 738, 748–50

3

(2019) ("Garza did retain a right to his appeal; he simply had fewer possible claims than some other appellants . . . . [E]ven the broadest appeal waiver does not deprive a defendant of all appellate claims."). Filing a notice of appeal is always "within the defendant's prerogative." *Id.* at 746. "[A] defendant who has signed an appeal waiver does not, in directing counsel to file a notice of appeal, necessarily undertake a quixotic or frivolous quest." *Id.* at 745; *see also United States v. Linder*, 552 F.3d 391, 396 (4th Cir. 2009) ("A defendant who forswears appellate review as part of a plea bargain remains entitled to file a notice of appeal.").[4]

Jones retained his right to file a notice of appeal notwithstanding the plea agreement's appeal waiver. Accordingly, Jones's § 2255 motion filed on August 2, 2017, is timely.

### B. Jones's Career Offender Designation Pursuant to Section 4B1.1(b)(3)

Because both of Jones's claims are directly related to his career offender designation under the Federal Sentencing Guidelines, the court will briefly discuss this designation. To be considered a "career offender" under the Guidelines, (1) the defendant must be at least eighteen years old at the time the defendant committed the offense; (2) the offense must be a felony that is either "a crime of violence or a controlled substance offense;" and (3) the defendant must have at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S. Sentencing Guidelines Manual § 4B1.1(b)(3). Jones does not dispute that the instant conviction is a "controlled substance" offense under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

The court ordered a Pre-Sentence Investigation Report (PSR) prior to Jones's sentencing and confirmed that Jones had three prior felony convictions for controlled substance offenses: a 2006 conviction in Roanoke City Circuit Court for possession of cocaine with intent to distribute in

---

[4] It is worth noting that if a defendant who has waived his right to appeal instructs his attorney to file a notice of appeal and the attorney fails to do so in reliance on the waiver, the attorney renders constitutionally ineffective assistance of counsel. *See United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007) ("[W]e hold that an attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests."). This is not the basis for Jones's ineffective assistance of counsel claim, which the court addresses below.

violation of Virginia Code § 18.2-248, a 2011 conviction in Wythe County Circuit Court for possession with intent to distribute a Schedule II controlled substance, and a 2011 conviction in Pulaski Circuit Court for distribution of cocaine in violation of Virginia Code § 18.2-248. (*See* Dkt. No. 46 at 5.) Accordingly, Jones was eligible for the career offender enhancement pursuant to Section 4B1.1(b)(3) with a base offense level of 32 and an advisory guideline range of 151 to 188 months.[5] The court varied downward from the advisory guideline range after considering the factors set forth in 18 U.S.C. § 3553(a) and sentenced Jones to 126 months with a three-year term of supervised release. (*See* Dkt. No. 54 at 20.)

**C. Jones's Claim of "Actual Innocence" as a Career Offender**

Jones challenges his career offender designation on the basis that "controlled substance offense" as defined in Section 4B1.2(b) of the Federal Sentencing Guidelines encompasses a narrower breadth of conduct than the state statute under which Jones was convicted for two of his three prior controlled substance offenses. According to Jones, Virginia Code § 18.2-248 proscribes "giving drugs for no [remuneration] and offering to sell drugs," while the Guidelines contain no such language. (*See* Dkt. No. 48-1 at 10.) Jones cites *Descamps v. United States*, 570 U.S. 254 (2013), for the proposition that if a statute under which a defendant is convicted "sweeps more broadly than the generic crime, a conviction under that law cannot count as a . . . predicate" felony for purposes of the career offender enhancement. *Id.* at 261. Thus, under *Descamps*, a prior conviction qualifies as a predicate offense only if the elements of the crime of conviction are the same as—or narrower than—those of the generic crime. Without classifying two of Jones's previous convictions as "controlled substance offenses," Section 4B1.2(b) would not apply and the

---

[5] The court awarded Jones with a three-level reduction under Section 3E1.1 of the Sentencing Guidelines for acceptance of responsibility. Accordingly, Jones's total offense level was 29.

5

court could not have sentenced Jones as a career offender. Jones's argument fails for several reasons.

First, *Descamps* and its successor, *Mathis v. United States*, 136 S. Ct. 2243 (2016), involved defendants challenging their sentences under the violent felony provision of the Armed Career Criminal Act of 1984, (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii). Because Jones was convicted under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and sentenced as a career offender pursuant to Section 4B1.2(b) of the Federal Sentencing Guidelines, the court doubts that *Descamps* is relevant here at all. *See United States v. Brunson*, No. 3:12CR113, 2017 WL 1250996, at *2 (E.D. Va. Apr. 3, 2017) ("Because [Defendant] was not sentenced under the violent felony provision of the ACCA, *Mathis* does not apply."); *United States v. Jeffrey*, Case No. 14-cr-20427-01, 2017 WL 764608, at *2 (E.D. Mich. Feb. 28, 2017) ("Jeffrey was not sentenced under the violent criminal provision of the ACCA. Rather, he was sentenced under the prior controlled substance convictions provision of the Sentencing Guidelines. Because of that important distinction, the *Mathis*, *Descamps*, and *Johnson* [*v. United States*, 135 S. Ct. 2551 (2015),] decisions are not directly applicable to Jeffrey."); *but see United States v. Hinkle*, 832 F.3d 569, 574 (5th Cir. 2016) (applying the Supreme Court's reasoning in *Mathis* to the prior controlled substance convictions provision of the Sentencing Guidelines).

Moreover, even if *Descamps* and *Mathis* are applicable, Jones's argument that the Commonwealth's definition of "controlled substance offense" in Virginia Code § 18.2-248 is broader than the generic definition under the Federal Sentencing Guidelines is erroneous. Giving drugs away for no remuneration and offering to sell drugs fall well within the scope of the Guidelines' definition of a "controlled substance offense." Section 4B1.2(b) reads:

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, *distribution*, or dispending of a controlled substance . . . or the possession of a

> controlled substance . . . *with intent to* manufacture, import, export, *distribute*, or dispense.

(emphasis added). There is ample case law to support the proposition that "sharing drugs with another constitutes distribution." *See, e.g.*, *United States v. Washington*, 41 F.3d 917, 919 (4th Cir. 1994) (concluding that Washington's plan to share his cocaine with a friend "is sufficient for a court to find that he possessed drugs with intent to distribute"); *United States v. Cormier*, 468 F.3d 63, 70 n.3 (1st Cir. 2006) ("It is well accepted that drugs may be distributed by giving them away for free; 21 U.S.C. § 841(a)(1) imposes no requirement that a sale take place."). Thus, the state statute under which Jones was previously convicted does not "criminalize[] a broader swath of conduct than the relevant generic crime." *Descamps*, 570 U.S. at 258.

In addition, a defendant who files a § 2255 on "actual innocence" grounds must demonstrate actual factual innocence of the convicted offense. *United States v. Pettiford*, 612 F.3d 270, 282 (4th Cir. 2010). Moreover, actual innocence applies "only where the challenge to eligibility [for habitual offender provisions] stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes." *Id.* at 284. Jones does not claim actual innocence of his predicate crimes, only that they were misclassified as "controlled substance offenses" for purposes of Section 4B1.1(b)(3)'s career offender enhancement. A misapplication of the Sentencing Guidelines is not a basis for relief under § 2255. *See United States v. Mikalajunas*, 186 F.3d 490, 497 (4th Cir. 1999) ("We join our sister circuits in holding that a misapplication of the guidelines typically does not constitute a miscarriage of justice.").

Finally, courts in this Commonwealth consistently recognize that prior convictions for distribution of cocaine and possession with intent to distribute cocaine are controlled substance offenses for purposes of the Guidelines' career offender enhancement. *See, e.g.*, *United States v. Bailey*, Nos. 7:15cr00010-01, 7:17cv81234, 2017 WL 6391487, at *3 (W.D. Va. Dec. 14, 2017) (rejecting the defendant's argument that Virginia's definition of "distribute" under Section 18.2-248

is broader than the generic federal definition); *Long v. United States*, Nos. 2:15cr161, 2:17cv219, 2017 WL 4799798, at *4 (E.D. Va. Oct. 23, 2017) (concluding that possession with intent to distribute cocaine under Section 18.2-248 "matches the definition of a controlled substance offense under [Section] 4B1.2(b)"); *United States v. Jones*, No. 3:13cr13, 2016 WL 6997024, at *4 (E.D. Va. Nov. 29, 2016) (determining that the defendant's prior convictions under Section 18.2-248 were "properly counted . . . as predicate offenses for purposes of the career offender determination").

For these reasons, Jones's motion to vacate his sentence on actual innocence grounds must fail.

**D. Jones's Claim of Ineffective Assistance of Counsel**

Jones also claims that his attorney provided ineffective assistance of counsel "for his failure to object to [Jones's] designation as a career offender" under the Federal Sentencing Guidelines. (Dkt. No. 48-1 at 5.) Jones fails to make the requisite showing under *Strickland v. Washington*, 466 U.S. 668 (1984).

To satisfy the *Strickland* test, Jones must show that his attorney's failure to object to the career offender enhancement "fell below an objective standard of reasonableness." *Id.* at 688. Additionally, Jones must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Applying *Strickland*'s second prong to the sentencing context, the court must vacate a sentence imposed without effective assistance of counsel if there is a reasonable probability that undeveloped, mitigating facts would have warranted a reduced sentence. *United States v. Breckenridge*, 93 F.3d 132, 135–36 (4th Cir. 1996) ("[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel. . . . The failure of counsel to object to an improper application of

the sentencing guidelines may amount to ineffective assistance of counsel."). Jones fails to satisfy either prong of the *Strickland* test.

First, Jones is bound by his statements on the record indicating his satisfaction with counsel. The court must accept the truth of these sworn statements absent extraordinary circumstances, and "without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *United States v. Lemaster*, 403 F.3d 216, 221–22 (4th Cir. 2005); *see also Crawford v. United States*, 519 F.2d 347, 350 (4th Cir. 1975) ("[W]e hold that a defendant should not be heard to controvert his Rule 11 statements in a subsequent [§] 2255 motion unless he offers a valid reason why he should be permitted to depart from the apparent truth of his earlier statement."), *partially overruled on other grounds* by *United States v. Whitley*, 759 F.2d 327 (4th Cir. 1985) (en banc).

At Jones's March 22, 2016 Rule 11 hearing, the court confirmed that Jones was knowingly and voluntarily agreeing to be categorized as a career offender under Section 4B1.1(b)(3) of the Federal Sentencing Guidelines as part of his negotiated plea agreement.

> The Court: Do you understand the agreement?
>
> Jones: Yes, ma'am.
>
> The Court: Is there anything about it you don't understand?
>
> Jones: No ma'am.

(Dkt. No. 53 at 12.)

> The Court: The plea agreement contains certain stipulations with regard to the guidelines. Specifically, in this case, with regard to the career offender guidelines, you and the United States agree that you are a career offender under the guidelines. Sentencing Guidelines 4B1.1(b)(3) applies, and under that provision, your base offense level will be 32.
>
> Do you understand that that guideline stipulation is an agreement between you and the government and that is not binding on this Court? Do you understand that?

9

>Jones: Can you say that last part one more time?
>
>The Court: Under your plea agreement—it's on page 3 of your plea agreement. It talks about the sentencing guidelines. It says that you stipulate that the following guideline section applies to your conduct, 4B1.1(b)(3). Base offense level is 32 there. It says that you stipulate that that applies and that the United States stipulates that that applies. But I want you to understand, and I'm asking if you if you do understand, that the Court is not bound by that stipulation. The Court, after it gets a presentence report and looks at the law and the facts—the Court can determine whether or not that guideline section applies.
>
>Jones: Yes, ma'am.
>
>The Court: Do you understand that?
>
>Jones: Yes, ma'am.

(*Id.* at 13–14.)

Jones also confirmed that he was fully satisfied with counsel's representation.

>The Court: Mr. Cargill has been representing you and providing advice to you. Are you fully satisfied with his advice and representation to you?
>
>Jones: Yes ma'am.

(*Id.* at 23–24.)

At Jones's July 13, 2016 sentencing hearing, the court again confirmed that Jones was satisfied with counsel's representation and that Jones had communicated with counsel regarding his career offender designation.

>The Court: Mr. Jones, you told me at the time of your plea that you were satisfied with your counsel's representation of you. Do you remain fully satisfied with the advice and representation provided by Mr. Cargill in this case?
>
>Jones: Yes, ma'am.

(Dkt. No. 54 at 2.)

>The Court: Mr. Cargill, have you and Mr. Jones read and discussed the amended presentencing report?

10

> Mr. Cargill: Yes, Your Honor.
>
> The Court: I understand there are no objections to the presentence report; is that correct?
>
> Ms. Neese: No objections, Your Honor.
>
> Mr. Cargill: Correct, Your Honor.

(Dkt. No. 54 at 3–4.)

Jones's sworn statements that he understood the terms of his plea agreement, that he communicated with his lawyer about the presentencing report, that he had no objections to the career offender designation, and that he was fully satisfied with counsel's representation on two different occasions confirm that counsel's representation was will within the standard of reasonableness.

Moreover, Jones's career offender designation was not improper. As explained above, Jones was correctly sentenced as a career offender under Section 4B1.2(b) of the Federal Sentencing Guidelines because of his prior convictions for controlled substance offenses. Even if defense counsel had objected to the career offender enhancement, there is no probability that Jones would have received a more favorable sentence. Accordingly, Jones has failed to show that the result of his proceedings would have been different but for counsel's failure to object to Jones's career offender designation.

### E. Certificate of Appealability

When issuing a final order adverse to the § 2255 movant, the court must issue or deny a certificate of appealability. *See* Fed. R. Gov. § 2255 Proc. 11(a). A certificate of appealability may issue only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The movant must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate

to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

The court declines to issue a certificate of appealability because Jones has not made a substantial showing of the denial of a constitutional right and reasonable jurists would not find the court's assessment of the constitutional claims debatable or wrong.

## II.  CONCLUSION

For these reasons, Jones is not entitled to relief under 2255, nor is he entitled to a certificate of appealability to pursue these issues further.  The court will enter an appropriate order.

Entered: December 3, 2019.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge