IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 7:16-cr-00004 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| RAHMYENE SHREEF JONES ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Defendant Rahmyene Shreef Jones, proceeding pro se, filed a motion for compassionate release. (Dkt. No. 84.) The Federal Public Defender was appointed to represent Jones but declined to supplement Jones's motion, so Jones will proceed pro se. (Dkt. Nos. 86, 93.) The government opposed the motion. (Dkt. No. 88)

The court finds that a hearing is not necessary to resolve Jones's motion, which will be denied for the reasons stated below.

I.  BACKGROUND

Jones was indicted on three counts of distribution and possession with intent to distribute controlled substances and pleaded guilty to one of the counts pursuant to a written plea agreement. (Dkt. No. 33.) He was sentenced as a career offender to a term of imprisonment of 126 months, which was a downward variance from his guideline range was 151 to 188 months.

According to the stipulated statement of facts, the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) used a confidential informant in 2014 to make a controlled purchase of cocaine base from Jones. (Dkt. No. 35.) Later, in 2015, police officers received information indicating that Jones was still selling narcotics – this time heroin. During subsequent traffic stops, officers found heroin with Jones in vehicles. Jones admitted selling crack cocaine and heroin and that he had multiple sources of supply for narcotics.

Jones is currently detained at FCI Petersburg. Jones requests release due to COVID-19, without reliance on any underlying medical conditions, and due to changed family circumstances in that his mother was on life support and has passed away and his wife was trying to recover from COVID-19.

## II. ANALYSIS

### A. Compassionate Release

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act and in pertinent part, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .

Thus, after considering any applicable § 3553(a) factors, if the court finds extraordinary and compelling reasons warrant a reduction and if it finds a reduction consistent with any applicable Sentencing Commission policy statements, it may reduce a term of imprisonment. However, "the Commission has yet to issue a policy statement that applies to motions filed by defendants [rather than motions filed by BOP] under the recently amended § 3582(c)(1)(A)." *United States v. Burnell*, 837 F. App'x 223, 224 (4th Cir. 2021) (quoting *United States v. McCoy*, 981 F.3d 271, 280–83 (4th Cir. 2020)). See also *United States v. Hargrove*, 30 F.4th 189 (4th Cir. 2022).

The court, may, nonetheless, look to U.S.S.G. § 1B1.13 for guidance. *McCoy*, 981 F.3d at 282 n.7.

"A defendant seeking compassionate release has the burden of establishing that such relief is warranted." *United States v. Ferguson,* No. 515CR00018KDBDSC1, 2020 WL 5300874, at *2 (W.D.N.C. Sept. 4, 2020). *See also Hargrove,* 30 F. 4th at 195 (noting the information provided by the inmate "to carry his burden of demonstrating that his medical conditions served as an extraordinary and compelling reason for release."); *United States v. Brewington*, 2019 WL 3317972, at *2 (W.D. Va. July 24, 2019). *See also United States v. Weaver*, No. 1:17-CR-235, 2020 WL 4810123 (E.D. Va. Aug. 18, 2020) (citing *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 56-57 (2005) (defendant bears burden as party seeking relief absent statutory guidance to the contrary)). Compassionate release is "an extraordinary and rare event." *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019). Rehabilitation, standing alone, "shall not be considered an extraordinary and compelling reason" for a sentence modification. 28 U.S.C. § 994(t).

**B. Exhaustion**

As noted above, while the First Step Act amended § 3582(c)(1)(A) to allow a prisoner to bring a motion on his or her own behalf, the statute still includes an exhaustion requirement. The government asserts failure to exhaust because Jones offers nothing to suggest that he has submitted a request for a sentence reduction at his BOP facility. It is not necessary to resolve the exhaustion issue because Jones is not entitled to relief under the First Step Act even if he had exhausted his administrative remedies

### C. Extraordinary and Compelling Reasons

Because an inmate is not eligible for compassionate release in the absence of extraordinary and compelling reasons, *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021), the court looks to whether Jones has provided such reasons. The fact that COVID-19 exists and that there is a possibility that someone may contract it in a prison is insufficient, in and of itself, to grant a motion for compassionate release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Rather, in the context of COVID-19,

> the threshold questions are whether [the inmate] has a particularized risk of contracting COVID-19 in prison and whether his medical conditions render him particularly susceptible to severe illness or death should he contract the virus. *See High*, 997 F.3d at 185 (explaining that arguments for compassionate release "based on the coronavirus pandemic depend at least on allegations that the risk of contracting COVID-19 in a prison is higher than the risk outside the prison and that the inmate's preexisting medical condition increases that individual's risk of experiencing a serious, or even fatal, case of COVID-19").

*United States v. Youngblood*, 858 F. App'x 96, 98 (4th Cir. 2021). *See also United States v. Harper*, Criminal Action No. 7:18-cr-00025, 2020 WL 2046381, at *3 (W.D. Va. Apr. 28, 2020).

Jones does not cite any medical conditions that make him particularly susceptible to severe illness or death due to COVID-19. Instead, Jones seeks release based on an assertion of unsafe conditions at his facility (Petersburg FCI). Currently, there are no positive cases of COVID-19 among inmates or staff.[1] This type of "generalized" fear about the pandemic is insufficient support for compassionate release. *See, e.g., United States v. Mattox*, Case No. 4:16CR00007-010, 2021 WL 3629995, at *1 (W.D. Va. Aug. 11, 2021). Such concerns are addressed by the current BOP action plans that were developed to protect prisoners from COVID. Moreover, Jones has been vaccinated against COVID-19 (Dkt. No. 91), which diminishes the risks associated with COVID-19. *See, e.g., United States v. Gerald*, No. 5:18-

---

[1] *See* https://www.bop.gov/coronavirus/index.jsp (last visited May 23, 2022).

CR-204-D-6, 2021 WL 5283293, at *3 (E.D.N.C. Nov. 12, 2021); *United States v. Sidhu*, Criminal Case No. 1:14-cr-00399 (RDA), 2021 WL 2894723, at *5 (E.D. Va. July 9, 2021) (noting that because defendant received the COVID-19 vaccination, defendant "faces reduced risks from the virus, further weighing against his request for compassionate release").

Moreover, while Jones may still contract COVID-19, his risk of serious infection is reduced. A risk of infection alone, is insufficient to show extraordinary and compelling reasons. *See, e.g.*, *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) ("And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced" so that "an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."); *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); *United States v. Baeza-Vargas*, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021) (collecting cases and noting consensus of district courts that have ruled that receiving a COVID-19 vaccine "weighs against a finding of extraordinary and compelling circumstances").

Regarding COVID-19 and given the above reasons and the lack of cases at Petersburg Medium FCI, Jones cannot meet the extraordinary and compelling circumstances standard for compassionate release. He has not shown a particularized susceptibility to the disease or a particularized risk of contracting the disease at his prison facility.

Jones also requests release due to family circumstances. The court is guided by the policy statement that describes two family circumstances that are potentially considered extraordinary and compelling circumstances for compassionate release: (1) the death or

incapacitation of the caregiver of the defendant's minor child or minor children; and (2) the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.  U.S.S.B. § 1B1.13 cmt. n 1(C).

Jones's motion references the need to care for his mother, who was on life support and later passed away, and the fact that his spouse contracted COVID-19 and is recovering.  (Dkt. No. 87.)  These bare references are insufficient to establish extraordinary and compelling circumstances to justify compassionate release.  Jones does not establish, for example, that his mother was the caregiver for his children.  Presumably, this responsibility falls to Jones's spouse, who by all accounts is still alive.  Speculation aside, it is Jones's burden to establish that compassionate release is warranted, and he has not carried this burden.

Given the absence of extraordinary and compelling reasons, the court will deny his motion and need not analyze the § 3553(a) factors.

### III.  CONCLUSION

For the reasons stated above, it is hereby ORDERED that Jones's motion for compassionate release (Dkt. Nos. 84) is DENIED.  The clerk is directed to provide a copy of this order to Jones, all counsel of record, and the United States Probation Office.

Entered: May 23, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge